IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK MARQUISEE, | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF MICHAEL SZCZERBA; | : | |
| THE CITY OF WILMINGTON; | : | |
| SERGEANT MATTHEW W. KURTEN; | : | |
| OFFICER PURNER; OFFICER COLMERY; | : | |
| and CORPORAL CANNON | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Mark Marquisee brings this case to vindicate his clearly established constitutional rights not to be unlawfully detained or subjected to retaliatory criminal charges and his right to observe and record actions of public officials on public property.

### Introduction

1. This case stems out of an incident involving Mr. Mark Marquisee, a concerned citizen, taxpayer, and documentary filmmaker; and members of the Wilmington Police Department.

2. On August 26, 2006, Mr. Marquisee witnessed the aftermath of a car accident outside of his home in Wilmington, Delaware. He stood at a distance from the scene and filmed the interactions of the officers and emergency medical professionals with the person involved in the accident.

3. As a result of these perfectly legal activities, Mr. Marquisee – a slight, elderly man – was tackled by patrol officers, handcuffed and locked in a police car, then taken to the police station and cuffed to a bench before being released some three hours after the incident. He was then issued frivolous citations for disorderly conduct and resisting arrest, all in retaliation for his exercise of his right to monitor and record the public actions of public officials.

4. Mr. Marquisee seeks declaratory relief and damages for these violations of his clearly established constitutional rights not to be unlawfully detained or subjected to retaliatory criminal charges and his right to observe and record actions of public officials on public property.

### Parties

5. Plaintiff Mark Marquisee is an adult resident of Wilmington, Delaware.

6. Defendant City of Wilmington is a municipal corporation and governmental subdivision of the State of Delaware. The City is responsible for the training and supervision of Defendants Purner, Colmery, and Kurten in the conduct of their duties as officers with the Wilmington City Police Department. The acts of these officers were committed as a result of the City's policies and customs.

7. Defendant Purner was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

8. Defendant Colmery was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

9. Defendant Cannon was, at all times relevant to this action, a Police Officer with the Wilmington Police Department, and subject to the City's training, control, and supervision.

10. Defendant Matthew W. Kurten was, upon information and belief, at all times relevant to this action, a Police Sergeant with the Wilmington Police Department, and subject to the City's training, control, and supervision, as well as responsible for the supervision of Defendants Purner, Colmery, and Cannon.

11. Defendant Michael Szczerba was at all times relevant to this action, the Chief of Police of the Wilmington Police Department, and responsible for the City's training, control and supervision of the other Defendants as well as authorized to act and to institute and/or ratify Police Department policies, customs, or practices.

12. At all times relevant herein, all acts performed by the individual Defendants were done under the color and pretense of the statutes, laws, ordinances, customs, and usages of the State of Delaware and by the individual Defendants under the authority of their positions as police officers for the City of Wilmington.

13. Each of the individual Defendants Purner, Colmery, Cannon, Kurten, and Szczerba is being sued in his or her individual capacity.

### Jurisdiction and Venue

14. This Court has original jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

15. Venue is proper in this district because all of the acts alleged herein occurred within the District of Delaware.

### Facts

16. Mr. Marquisee was, at the time of these incidents, a 68-year old resident of the City of Wilmington, and a documentary filmmaker.

17. For years, Mr. Marquisee has been filming events that have taken place on his street and in the area near his home.

18. On August 26, 2006, Mr. Marquisee heard a loud bang outside of his home on North Franklin Street in Wilmington. When he saw that an SUV had crashed into a telephone pole near Ursuline Academy, he grabbed his video recorder and went to document the arrival of the ambulance and the paramedics as they attended to the driver.

19. Mr. Marquisee stood approximately 20 feet away from the steps where the driver was seated, and filmed the emergency crew as they stabilized the driver with a neck brace. A handful of other onlookers were standing much closer to the driver, within 2-10 feet of the steps.

20. Defendants Purner, Colmery, and Cannon were among the Wilmington Police officers present at the scene.

21. Over the course of the next few minutes, at least two of the Defendants approached Mr. Marquisee and told him to move away. Mr. Marquisee asked why he had to move if the other onlookers were permitted to stay. One Defendant had no response; he simply walked away each time he was asked and then finally told Mr. Marquisee it was a crime scene. Another Defendant told him that he had to move for his own safety because of the cables that had fallen as a result of the accident and that were at the end of the block. Upon information and belief, this was a pretense, as this Defendant said nothing to the other onlookers.

22. Mr. Marquisee continued to film during these conversations with the Defendants.

23. Defendants tackled Mr. Marquisee to the ground without warning, using their combined strength to pin him down. Afraid that his camera, which he uses for his profession, would be damaged, Mr. Marquisee pleaded, "Don't make me drop my camera!" One of the officers yanked his camera out of his hand and turned it off.

24. Frightened, Mr. Marquisee, a much smaller, older man than the officers, tensed up. Mr. Marquisee did not fight the officers or try to get away from them. Though Mr. Marquisee had not been charged with anything at this point or even told that he was under arrest, Defendants manipulated his arms and yelled to the onlookers, "Look – he's resisting arrest!"

25. Defendants handcuffed Mr. Marquisee's hands behind his back so tightly that he had severe pain in his left arm. They put him in the back seat of the police car and drove him around the neighborhood for about 15 minutes before returning to the scene of the accident, where they got out of the car, and left him with the windows rolled up, in the stifling August heat. Mr. Marquisee remained locked alone in the car for about 20 minutes, during which time he thought he might die from the suffocating heat.

26. Defendants then took Mr. Marquisee to the police station, where they handcuffed him to a bench for about two hours. Defendants charged him with disorderly conduct, allegedly in violation of 11 Del. C. § 1301(1)(e), for "unlawfully creat[ing] public annoyance by refusing to move along at the command of police ofcs," and resisting arrest, allegedly in violation of 11 Del. C. § 1257, for "unlawfully attempt[ing] to stop officers from placing him into handcuffs by tensing up and not placing his hands behind his back," though he had still not yet been told he was under arrest. Both citations were issued by the City of Wilmington and verified by Defendant Purner. The incident report filed thereafter by Defendant Purner was approved by Defendant Kurten.

27. Upon information and belief, Defendants Purner, Colmery, and Cannon were all involved in the above-described actions, though Mr. Marquisee cannot at this time say which Defendants were involved in which portion.

28. Mr. Marquisee retained legal counsel to challenge the two citations, incurring approximately $1000 in legal fees.

29. Mr. Marquisee sought medical help and counseling. His doctor prescribed him Xanax for the anxiety and noted numbness and pain in his left arm. Mr. Marquisee's arm still bothers him sometimes, and he now experiences fright and panic when he sees police officers and police cars. His counselor has treated him for post-traumatic stress disorder.

30. At his criminal trial on October 17, 2007, Mr. Marquisee was cleared of all the charges brought against him.

31. Upon information and belief, there have been other incidents in the past several years in which members of the Wilmington Police Department have arbitrarily acted to deny citizens the free exercise of their First Amendment rights. For example, in 2003, several people were issued traffic tickets by Wilmington police officers for "excessive honking" for honking their horns in support of anti-war protestors. In late fall 2006, Wilmington police officers arrested a veteran in his eighties who had been peacefully protesting the treatment of veterans at the Veterans' Hospital in Elsmere, DE. He was charged with disorderly conduct. In early 2007, an anti-war protestor was cited by Wilmington police officers for disorderly conduct because he was carrying a sign with an expletive on it. In the spring of 2008, a pro-life protestor was threatened with arrest by Wilmington police officers for carrying signs deemed "offensive." This level of incidents appears inconsistent with adequate training and supervision with regard to First Amendment matters of public protest and behavior.

## COUNT ONE

**42 U.S.C. § 1983 – Violation of Plaintiff's Rights Under the First, Fourth and Fourteenth Amendments of the United States Constitution**
**(Against Defendants Purner, Colmery, Cannon, Kurten, Szczerba, and the City of Wilmington)**

32. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

33. Mr. Marquisee has a clearly established right under the First Amendment to videotape events in public, including police officers performing their public duties.

34. By forcing Mr. Marquisee to stop videotaping the public events on his street, Defendants Purner, Colmery, and Cannon unlawfully interfered with Mr. Marquisee's First Amendment right to observe and document public events.

35. Mr. Marquisee also has a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person, a right that Defendants violated by arresting him without probable cause.

36. Furthermore, Mr. Marquisee has a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force against him.

37. Defendants Purner, Colmery, and Cannon acted intentionally, maliciously and/or in reckless disregard of Mr. Marquisee's clearly established rights, and acted in retaliation against him for the exercise of his clearly established rights.

38. Upon information and belief, Defendant Szczerba caused these constitutional violations through his deliberate indifference, in failing to properly train, supervise, and discipline police officers, including Defendants Purner, Colmery, Cannon, and Kurten, and maintaining an unconstitutional policy, custom, or practice of allowing officers to interfere with

or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

39. Defendant City of Wilmington is responsible for these constitutional violations because they were ratified by Defendant Szczerba in his capacity as Chief of Police of the Wilmington Police Department. Defendant City of Wilmington has caused these constitutional violations by maintaining, through Defendant Szczerba, unconstitutional policies, customs, or practices of failing to properly train, supervise, and discipline police officers, and of allowing officers to interfere with or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

40. Mr. Marquisee has been harmed by the deprivation of his constitutional rights by Defendants Purner, Colmery, Cannon, Kurten, Szczerba, and the City of Wilmington, and is entitled to redress for those violations.

## COUNT TWO

**Violation of Plaintiff's Rights Under Article I, Section 6 of the Delaware Constitution
Arising From the August 26, 2006, Incident
(Against Defendants Purner, Colmery, Cannon, Kurten, and Szczerba)**

41. The allegations contained in the preceding paragraphs are incorporated by reference as if set forth fully herein.

42. The actions of the Defendants violated Mr. Marquisee's right to be free from unreasonable seizures in violation of Article I, Section 6 of the Delaware Constitution.

43. Defendant Szczerba caused this violation of Mr. Marquisee's rights under Article I, Section 6 of the Delaware Constitution by failing to adequately train, supervise, and discipline the Officer Defendants, and by maintaining an unconstitutional policy, custom, or practice of

allowing officers to interfere with or retaliate against people who seek to exercise their constitutionally protected right to observe and record public events.

44. Defendants' actions constituted an extreme departure from the ordinary standard of care and evidenced a wanton negligence and disregard, or reckless indifference, to the right of Mr. Marquisee to be free from an unreasonable seizure.

45. Mr. Marquisee was harmed by this unlawful seizure by Defendants, and, pursuant to Article I, Section 9 of the Delaware Constitution, is entitled to redress for that violation and for the harm done to him by Defendants' actions.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief on each count above:

1. A declaration that Defendants' actions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution; and Article I, Section 6 of the Delaware Constitution;

2. Compensatory damages;

3. Punitive damages;

4. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

5. Such other and further relief as this Court deems just.

Respectfully submitted,

_____
Norman Monhait (No. 1040)
Rosenthal, Monhait & Goddess, P.A.
919 Market St., Ste. 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
nmonhait@rmgglaw.com

                    */s/ Umbreen Bhatti*
                    Umbreen Bhatti (No. 5119)
                    American Civil Liberties Foundation of Delaware
                    100 W. 10th St., Ste. 309
                    Wilmington, DE 19801
                    (302) 654-5326, ext. 103
                    ubhatti@aclu-de.org

Dated: August 22, 2008

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARK MARQUISEE

**(b)** County of Residence of First Listed Plaintiff  **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman M. Monhait, Esquire
Rosenthal Monhait & Goddess, P.A.
919 Market Street, Suite 1401, Wilmington, DE 19801

## DEFENDANTS
POLICE CHIEF MICHAEL SZCZERBA;
THE CITY OF WILMINGTON; SERGEANT MATTHEW W. KURTEN;
OFFICER PURNER; OFFICER COLMERY; and CORPORAL
County of Residence of First Listed Defendant  **New Castle**  CANNON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **42 U.S.C.A. §1983**
Brief description of cause: **To redress injuries for violation of First and Fourteenth civil rights.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  See Douthwaite v. Szczerba, et al., also filed 8/22/08
DOCKET NUMBER

DATE  8/22/08
SIGNATURE OF ATTORNEY OF RECORD
Norman M. Monhait (No. 1040) 656-4433

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____